Michael G. Marderosian (SBN 77296)
  mick@mcc-legal.com
Heather S. Cohen (SBN 263093)
  heather@mcc-legal.com
MARDEROSIAN & COHEN
1200 Truxtun Avenue, Suite 130
Bakersfield, CA 93301
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
  vgennaro@bakersfieldcity.us
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE
         DEPARTMENT, LISA WEDEKING-WHITE and SANTOS LUEVANO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT / FRESNO DIVISION

| | |
|---|---|
| BYRON WILLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD;<br>BAKERSFIELD POLICE<br>DEPARTMENT; COUNTY OF KERN;<br>KERN COUNTY SHERIFF'S<br>DEPARTMENT; KERN COUNTY<br>DISTRICT ATTORNEY'S OFFICE; LISA<br>WEDEKING-WHITE; SANTOS<br>LUEVANO; and DOES 1 through 10,<br>inclusive,<br><br>　　　　　Defendants. | Case No. 1:21-CV-01077-AWI-JLT<br><br>**DEFENDANTS CITY OF BAKERSFIELD,<br>BAKERSFIELD POLICE DEPARTMENT,<br>LISA WEDEKING-WHITE, AND SANTOS<br>LUEVANO'S REPLY TO PLAINTIFF'S<br>RESPONSE TO DEFENDANTS'<br>MOTIONS TO DISMISS AND ANTI-<br>SLAPP MOTION TO STRIKE**<br><br>DATE: August 23, 2021<br>TIME: 1:30 p.m.<br>COURTROOM: 2<br>JUDGE: Hon. Anthony W. Ishi |

COMES NOW, Defendants City of Bakersfield, Bakersfield Police Department, Lisa Wedeking-White, and Santos Luevano (collectively referred to hereinafter as "Bakersfield Defendants") and submit the following in Reply to Plaintiff's "Response to Defendants' Motion to Dismiss and Anti-SLAPP Motion to Strike."

# INTRODUCTION

On August 9, 2021, in response to the Defendants' Motions to Dismiss and the Bakersfield Defendant's Anti-SLAPP Motion, the Plaintiff filed a "Response" which indicated only that "he failed to plead certain allegations in his complaint" and requested that the Court grant him leave to file an amended Complaint.  See Docket No. 14.

Nothing contained therein indicated how he intended to overcome the **fatal** flaws with his Complaint as set forth in the Bakersfield Defendants' two motions.

# MOTION TO DISMISS

Plaintiff has not and cannot plead compliance with the Tort Claims Act.  This is tacitly acknowledged by Plaintiff who admits to having filed a Petition for Relief from the Tort Claims Requirement.

Further, while the Plaintiff makes a vague statement that he "can set forth additional facts to support the causes of action against the Defendants", he fails to state one additional fact that would justify this statement or overcome dismissal.  This vague statement is simply not enough.  Defendants have more than met their burden to show that Plaintiff's Complaint should be dismissed in its entirety without leave to amend.

# ANTI-SLAPP MOTION TO STRIKE

Once an anti-SLAPP motion is filed, a plaintiff may not frustrate a hearing on the anti-SLAPP motion by amending the complaint.  *Simmons v. Allstate Ins. Co.*, 92 Cal.App.4th 1068, 1073 (3d Dist. 2001); *Salma v. Capon*, 161 Cal.App.4th 1275, 1293-1294 (1st Dist. 2008); *JKC3H8 v. Colton*, 221 Cal.App.4th 468, 478-479 (3d Dist. 2013) (affirming trial court's order denying anti-SLAPP motion when a first amended complaint was filed less than two hours before defendants filed their anti-SLAPP motion and when any allegations of protected activity were removed from the lawsuit before the anti-SLAPP motion was filed; "plaintiffs cannot be said to have amended the complaint to subvert or avoid a ruling on an anti-SLAPP motion that had not been filed at the time the amendment was made.").

///

///

MARDEROSIAN & COHEN

## CONCLUSION

Based on the above, the Plaintiff's Complaint should be dismissed and the Bakersfield Defendants' Anti-Slapp Motion granted.

Dated: August 16, 2021                    MARDEROSIAN & COHEN

*/s/ Michael G. Marderosian*

By: _____
    Michael G. Marderosian,
    Attorney for Defendants above-named.