1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BYRON WILLIS,** | **CASE NO. 1:21-CV-1077 AWI JLT** |
| **Plaintiff** | |
| v. | **ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS and CITY DEFENDANTS' MOTIONS TO DISMISS AND STRIKE** |
| **CITY OF BAKERSFIELD, et al.,** | |
| **Defendants** | (Doc. Nos. 10, 12, 13) |

This is a civil rights lawsuit by Plaintiff Byron Willis against the City of Bakersfield ("the City"), Kern County ("the County"), the Kern County District Attorney's Office ("DAO") and associated personnel and agencies that arises from the arrest of Willis by law enforcement officers from the City. Defendants removed this case from the Kern County Superior Court. Currently pending before the Court are a motion to dismiss by the County Defendants[1] and a motion to dismiss and a SLAPP motion to strike by the City Defendants.[2] For the reasons that follow, the motions to dismiss will be granted and the motion to strike will be denied as moot.

## FACTUAL BACKGROUND

On December 3, 2019, Willis drove in his car from Bakersfield, California to Delano, California with his friend, M. Hill. Willis and Hill started driving to Delano before 10:00 a.m. and were in Delano from 11:00 a.m. to 2:00 p.m. Willis had his cell phone with him, which had GPS capabilities.

---

[1] The "County Defendants" are the County, the County's Sheriff Office, and the DAO.

[2] The "City Defendants" are the City, the Bakersfield Police Department, and Police Officers Lisa Wedeking-White and Santos Luevano.

1    Also on December 3, 2019, around 11:16 a.m., an unidentified male physically attacked a

2    fifty-year old Hispanic woman ("MM") in an apartment complex in Bakersfield.

3    The Bakersfield Police Department ("BPD") investigated the attack.  MM described the

4    attacker as a black man in his twenties weighing 150 lbs.  Another witness told police that the

5    unidentified attacker matched the description of a homeless man that frequented the area.  BPD

6    and Defendant Officer Lisa Wedeking-White and other officers prepared a composite sketch and

7    released it to the media.  The composite sketch and press release described the suspect as a black

8    male, age 25-30, dark complexion, between 5' 4" and 5' 6" tall, between 150-160 lbs., and slim

9    build.  The press release noted that the suspect was wanted for the attempted rape of a woman at a

10   Bakersfield apartment complex.  BPD also prepared a six photo photographic line up that included

11   Willis's photo.  MM picked out Willis from the photo line up even though Willis is 5' 9", weighs

12   203 lbs., and has a large athletic build.  BPD applied for and obtained an arrest warrant for Willis.

13   Willis was arrested by officers of the BPD on December 4, 2019.

14   BPD interviewed Willis, who denied physically attacking or attempting to rape MM.

15   Willis explained that he was not in Bakersfield at the time of the incident, he was in Delano at the

16   time of the incident, and that he has obvious scars on his face which are usually the first things

17   that people notice about him.  Willis also gave BPD a timeline, signed a consent form to allow

18   BPD to search his phone (including GPS related functions), consented to a DNA swab, offered to

19   undergo a lie detector test, denied that either his fingerprints or DNA would be found at the

20   apartment complex or on MM, and never asked for an attorney.  However, Defendant Officer

21   Luevano and other BPD law enforcement officers refused to seriously consider his phone's GPS

22   information or investigate Willis's claim that his phone exonerated him.  BPD told Willis that his

23   phone was no longer pertinent to the investigation, even though less than 48-hours had expired

24   from the time he was detained.  BPD had decided without thoroughly investigating the facts of the

25   case that Willis was guilty of attempting to rape MM, and refused to investigate any evidence that

26   would exonerate Willis.

27   Despite Willis's denial and exonerating evidence, BPD arrested Willis.  Willis was booked

28   into the Kern County jail by the County for attempted rape and false imprisonment.  The County

1  kept Willis in custody for nearly two months.  Neither BPD, the County, nor the DAO investigated

2  Willis's claims of innocence.

3  BPD did issue a press release about Willis's arrest.  The press release included Willis's

4  photo and accused him of attempted rape and false imprisonment.  The press release was

5  published on BPD's Facebook page.  The press release was picked up by several media outlets,

6  who published the story to the Bakersfield community at large.  From that day forward, Willis

7  allegedly labeled a rapist or pervert.

8  The DAO charged Willis with attempted rape and false imprisonment.  The DAO offered

9  several deals to Willis without investigating the facts of the case.  One deal was for 31 years in

10  prison, and the other was for 20 years in prison.  Willis rejected both deals because he did not

11  attack MM.

12  On January 30, 2020, the County released Willis from custody.  However, it was not until

13  July 29, 2020, that the DAO finally dismissed the charges filed against Willis.  Following his

14  release, BPD did not issue a press release about Willis's release from custody or the DAO's

15  dismissal of the charges against Willis.

16  Willis alleges that his reputation has been harmed.  Willis is still viewed as a rapist or

17  pervert and has been unable to find work due to the negative publicity surrounding his arrest and

18  criminal prosecution.  Wills alleges that he experiences feelings of helplessness, fear, fatigue, and

19  sleeplessness as a result of his detention and arrest by the BPD.

20

21  **I.**      **COUNTY DEFENDANTS' MOTION TO DISMISS**

22          *Defendants' Arguments*

23  The County Defendants argue that all claims against them should be dismissed.

24  For all state law claims, there is a fatal flaw because there are no allegations that Willis

25  complied with the Government Claims Act's claim presentation requirements.

26  With respect to the first cause of action for negligence as to the County, that claims fails

27  because the Complaint identifies no statute that authorizes or supports a negligence claim.

28  With respect to the third cause of action for intrusion into public affairs, the fourth cause of

3

action for public disclosure of private facts, and the fifth cause of action for false light, the allegations are contradictory.  The claims appear to be based on the press release, but the Complaint clearly alleges that the press release was issued by the BPD.  There are no allegations relating to any actions by the County Defendants.

With respect to the seventh cause of action for false imprisonment or unnecessary delay in processing/releasing, such a claim is analyzed under the Fourteenth Amendment.  However, federal law clearly establishes that, as long as a suspect is held according to a court order, jailors are not required to investigate whether the court order is proper.  Also, the DAO was under no duty to investigate and is entitled to absolute immunity for prosecutorial conduct.

With respect to the eighth cause of action for malicious prosecution, Defendants argue that there are no allegations that the dismissal of Willis's charges constituted a "favorable termination."  In order for the termination of a criminal judicial proceeding to be considered favorable, the termination must indicate innocence.  However, there are no allegations that indicate that charges were dismissed because of actual innocence.

Finally, the County Defendants argue that the ninth cause of action under 42 U.S.C. § 1983 fails because the allegations do not demonstrate that they engaged in any conduct that violated Willis's constitutional rights.

*Plaintiff's Opposition*

Willis did not file an opposition or response to the County Defendants' motion.  However, Willis did file a response to the City Defendants' motions in which he states that he can allege compliance with the California Government Claims Act and generally requests leave to amend.

*Legal Framework*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to

the non-moving party.  Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016).  However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.  Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

*Discussion*

1.      State Law Claims in General

As a prerequisite for filing suit for "money or damages" against a public entity, the California Government Claims Act requires presentation of a claim to the public entity.  See Cal. Gov. Code § 945.4; State of California v. Superior Ct., 32 Cal.4th 1234, 1240-44 (2004) ("Bodde").  The claims presentation requirements also apply to claims against public employees for injuries resulting from actions taken in the scope of their employment as public employees. See Cal. Gov. Code 950.2; Williams v. Hovarth, 16 Cal.3d 834, 838 (1976); Olson v. Manhattan Beach Unified Sch. Dist., 17 Cal.App.5t h 1052, 1055 n.1 (2017); Massa v. Southern Cal. Rapid Transit Dist., 43 Cal.App.4th 1217, 1222-23 (1996); Fowler v. Howell, 42 Cal.App.4th 1746, 1750-51 (1996).  "Timely claim presentation is not merely a procedural requirement, but is . . . a

5

1    condition precedent to a plaintiff maintaining an action against [a public entity], and thus [is] an

2    element of the plaintiff's cause of action."  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209

3    (2007); see DiCampli-Mintz v. County of Santa Clara, 55 Cal.4th 983, 991 (2012); Bodde, 32

4    Cal.4th at 1240.  Accordingly, the failure to timely present a claim for money or damages to a

5    public entity bars the plaintiff from bringing suit against that entity or its employee.  City of

6    Stockton, 42 Cal.4th at 738; Bodde, 32 Cal.4th at 1239; Sparks v. Kern County Bd. of

7    Supervisors, 173 Cal.App.4th 794, 798 (2009); Fowler, 42 Cal.App.4th at 1753.  Failure to allege

8    compliance with the Government Claims Act subjects the state law claims to dismissal.  Karim-

9    Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

10         Here, the Complaint does not mention the California Government Claims Act.  Willis's

11   opposition concedes that he did not plead compliance but contends that he can plead either

12   compliance while he was pro se or plead he is attempting through counsel to obtain relief from the

13   Government Claims Act through the state court system.  Thus, there is no dispute that the

14   Complaint is deficient.  Because compliance with the Government Claims Act has not been pled,

15   all of Willis's state law claims will be dismissed.  See Karim-Panahi, 839 F.2d at 627.

16                         b.     Statutory Liability

17         Through Cal. Gov. Code § 815, "all government tort liability must be based on statute."

18   Hoff v. Vacaville Unified Sch. Dist., 19 Cal.4th 925, 932 (1998); Churchman v. Bay Area Rapid

19   Transit Dist., 39 Cal.App.5th 246, 250 (2019).  For direct liability against a government entity, a

20   "specific statute declaring [the entity] liable, or at least creating some specific duty of care," must

21   be identified.  Eastburn v. Regional Fire Protection Auth., 31 Cal.4t h 1175, 1183 (2003); Leon v.

22   County of Riverside, 64 Cal.App.5th 837, 850 (2021).  For vicarious liability, Cal. Gov. Code §

23   815.2(a) "expressly makes the doctrine of *respondeat superior* applicable to public employers."

24   Hoff, 19 Cal.4th at 932.  Therefore, be it § 815.2(a) or another statute, a plaintiff must identify a

25   statute in order to state a plausible claim against a municipal entity.  Young v. City of Visalia, 687

26   F.Supp.2d 1155, 1164 (E.D. Cal. 2010).

27         Here, none of the state law claims identify a statutory basis for holding the County or any

28   of its sub-agencies liable.  Without identification of a statutory basis for liability, no plausible

6

1   claims are alleged.  Young, 687 F.Supp.2d at 1164.  In addition to the failure to allege compliance
2   with the Government Claims Act, all of Willis's state law claims will be dismissed for failing to
3   identify a statutory basis for liability.  See id.; Eastburn, 31 Cal.4th at 1183; Hoff, 19 Cal.4th at
4   932.

5           3.      Privacy Related Torts

6           The third, fourth, and fifth causes of action are privacy related torts (intrusion into private
7   affairs, public disclosure of private facts, and false light).  The Court agrees with the County that
8   each of these claims appears to hinge on a single act – the press release that included Willis's
9   photo and stated that he had been arrested on charges of attempted rape and false imprisonment.
10  The problem, as the County Defendants rightly points out, is that the press release was issued by
11  BPD on BPD's Facebook page.  The County and the City/BPD are separate entities.  The
12  allegations clearly indicate that the City/BPD investigated and arrested Willis and issued the press
13  release.  As separate entities, there is no basis alleged in the Complaint for attributing the conduct
14  of the City/BPD to the County Defendants.  In the absence of any conduct that was actually
15  performed by the County Defendants that would support any of the three privacy torts, or in the
16  absence of any plausible method of attributing the conduct of the City/BPD to the County
17  Defendants, no plausible claims against the County Defendants are alleged in the third, fourth, and
18  fifth causes of action.  In addition to the two bases for dismissal identified above, dismissal of the
19  third, fourth, and fifth causes of action is appropriate because there is no injurious conduct against
20  Willis that is attributable to the County Defendants.

21          4.      Seventh Cause of Action – False Imprisonment/Unnecessary Delay in Processing

22          The County Defendants read this cause of action as being governed by federal law and
23  thus, brought pursuant to 42 U.S.C. § 1983.  However, the ninth cause of action is the only claim
24  that is expressly brought under § 1983.  From the ninth cause of action, the Court is satisfied that
25  when Willis intends to bring suit under § 1983, he expressly cites that law.  Therefore, the Court
26  will read the seventh cause of action as being brought exclusively under state law.

27          So reading the seventh cause of action, the Court is unaware of a tort for unnecessary delay
28  in processing.  Until Willis can offer more clarification, the Court will read the seventh cause of

action as a false imprisonment claim.  As a state law tort claim, the seventh cause of action against the County Defendants has been dismissed as explained above for failure to comply with the Government Claims Act and failure to identify a statutory basis for liability as required by Gov. Code § 815.

Apart from the above two grounds for dismissal, there is an additional reason to dismiss the County.  In California, a jailer may be held liable for "false imprisonment if he knew or should have known of the illegality of the imprisonment."  Sullivan v. County of L.A., 12 Cal.3d 710, 717-18 (1974); Cornell v. City & Cnty. of San Francisco, 17 Cal.App.5th 766, 797 (2017).  One court has further explained that a jailer may be liable if he actually knows the imprisonment was illegal or if he "has sufficient notice from an official source which calls for further investigation into the validity of the incarceration."  Lopez v. City of Oxnard, 207 Cal.App.3d 1, 11 (1989). Otherwise, jailers may safely proceed to incarcerate an individual on a warrant apparently valid on its face which comes from a court with subject matter jurisdiction.  Id. (citing Cal. Code Civ. Pro. § 262.1).  Here, the allegations suggest that Willis was booked into the County's jail pursuant to a warrant and the DAO pursued a prosecution against Willis.  These allegations suggest that the County held Willis pursuant to a court order.  There are no indications that any warrant or court orders were somehow not facially valid, there are no allegations that any jailer had information from an official source which called for further investigation, and there are no clear allegations that explain how jailers otherwise should have known that Willis's custody was improper. Therefore, no plausible claim against the County has been pled for false imprisonment.  See Sullivan, 12 Cal.3d at 717-18; Lopez, 207 Cal.App.3d at 11.

With respect to the DAO, the Complaint does not explain what duties the DAO might have been under that would make it liable for a false imprisonment.  Further, in the absence of an opposition, no legal authorities are cited that identify such a duty.  Therefore, no plausible claim against the DAO is alleged.

In sum, in addition to the failure to comply with the Government Claims Act and the failure to identify a statutory basis for liability as required by Gov. Code § 815, dismissal for failure to allege a plausible false imprisonment claim is also appropriate.

1       5.      Malicious Prosecution

2           Initially, the County Defendants' arguments rely in part on federal cases involving

3    malicious prosecution claims under § 1983.  However, as explained above with respect to the

4    seventh cause of action, Willis is capable of expressly identifying claims brought under § 1983.

5    The eighth cause of action does not cite to § 1983.  Therefore, the Court will read the eighth cause

6    of action as alleging only a state law tort claim for malicious prosecution.  So reading the eighth

7    cause of action, dismissal is appropriate due to the failure to comply with the Government Claims

8    Act and the failure to identify a statutory basis for liability as required by Gov. Code § 815.

9    However, Defendants make a substantive argument that should be addressed apart from these two

10   bases for dismissal.  Defendants argue that the Complaint does not indicate that there was a

11   favorable termination.

12           In California, the tort of malicious prosecution consists of following elements:  the

13   underlying action must have been: (1) initiated or maintained by, or at the direction of, the

14   defendant, and pursued to a legal termination in favor of the plaintiff; (2) initiated or maintained

15   without probable cause; and (3) initiated or maintained with malice.  Parrish v. Latham &

16   Watkins, 3 Cal.5th 767, 775 (2017).  "If the termination does not relate to the merits—reflecting

17   on neither innocence of nor responsibility for the alleged misconduct—the termination is not

18   favorable in the sense it would support a subsequent action for malicious prosecution." Casa

19   Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 342 (2004); Lackner v. LaCroix, 25 Cal.3d 747, 751

20   (1979).  A "technical or procedural [termination] as distinguished from a substantive termination"

21   is not favorable for purposes of a malicious prosecution claim.  Casa Herrera, 32 Cal.4th at 342;

22   Lackner, 25 Cal.3d at 751.

23           Here, the Complaint alleges that the DAO offered two plea agreements which were

24   rejected by Willis because he maintained that he was innocent.  The Complaint then alleges that

25   the DAO dismissed the charges in July 2020.  There is no explanation for why the charges were

26   dropped.  However, the Complaint alleges that Willis gave an alibi in terms of both a witness (his

27   travelling companion M. Hill to Delano), his cell phone's GPS, and his physical location (Delano)

28   at the time that MM was attacked.  Willis also volunteered to undergo a lie detector test, consented

9

to a DNA swab, and maintained that neither his fingerprints nor DNA would be found on MM or at the apartment complex.  Thus, Willis consistently maintained his innocence and offered what appears to be substantial evidence of innocence.  In the context of a Rule 12(b)(6) motion, the Court can reasonably infer, see Kwan, 854 F.3d at 1096, that the charges were more likely dismissed because of Willis's claims and evidence of innocence.  Therefore, at this stage, the Court is satisfied that the factual allegations are sufficient to support the favorable termination element.  However, dismissal of the eighth cause of action remains proper as explained above.

> 6.    Ninth Cause of Action – 42 U.S.C. § 1983

The ninth cause of action is expressly brought under § 1983 and is alleged against all Defendants except the County's Sheriff's Department.  The claim invokes the protections of the Fourth and Fourteenth Amendments and attack the basis for Willis's arrest and his arrest in general, faults Defendants for failing to adequately investigate exculpatory evidence, complains about Willis being held in custody, and attacks the criminal prosecution against Willis.  No specific theories of recovery are identified.  There are problems with the ninth cause of action.

With respect to the County, first, there is no indication that the County had any role in the pre-arrest investigation of Willis, the decision to arrest Willis, or obtaining an arrest warrant.  Because there is no link between this conduct and the County, this conduct cannot form the basis of any § 1983 claim against the County.

Second, the County may be held liable for a violation of federal law under § 1983 "only if the county has adopted an illegal or unconstitutional policy or custom," Robinson v. Solano Cnty., 278 F.3d 1007, 1016 (9th Cir. 2002), and the execution of that policy or custom causes a violation of federal law.  Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002).  There are no allegations that indicate any policy, practice, or custom of the County was executed by a County employee.  Cf. Young v. City of Visalia, 687 F.Supp.2d 1141, 1149-50 (E.D. Cal. 2009) (setting pleading criteria for alleging *Monell* liability).

Third, Willis's claims concerning his post-arrest detention/incarceration are governed by the Substantive Due Process Clause of the Fourteenth Amendment.  See Tatum v. Moody, 768 F.3d 806, 815 (9th Cir. 2014); Rivera v. County of L.A., 745 F.3d 384, 389-90 (9th Cir. 2014).

1    The Fourteenth Amendment applies regardless of whether a plaintiff is alleging that he is a victim

2    of mistaken identity, that available exculpatory evidence was not investigated, or some other basis

3    of innocence (such as an alibi) is being pursued.  See Tatum, 768 F.3d at 815; see also Rivera, 745

4    F.3d at 391 n.14.  With respect to a jailor, the Fourteenth Amendment is not violated unless the

5    person who is arrested pursuant to a warrant is held for a long enough period of time without

6    adequate procedures.  See Rivera, 745 F.3d at 391-92.  Further, after adequate procedural

7    protections are provided, and if a court orders the detainee to be further detained, the jailor is not

8    required to investigate whether that court order is proper.  See Tatum, 768 F.3d at 817; Rivera,

9    745 F.3d at 392.  That is, "a jailor has no duty to investigate the repeated claims of innocence of a

10   suspect held pursuant to a court order."  Tatum, 768 F.3d at 818 (citing Rivera, 745 F.3d at 392.

11   Here, there are no allegations that Willis did not receive adequate procedures after he was arrested

12   pursuant to the warrant.  Further, there are no allegations that suggest the County ignored a court

13   order, or even allegations that would suggest that no court order was issued that authorized

14   Willis's continued detention.  The Court will not assume that adequate procedures were not

15   provided or that court orders authorizing further detention were not issued.  In the absence of such

16   allegations, there are no plausible constitutional violations that are apparent.

17          With respect to the DAO, first, there is no indication that the DAO had any role in the pre-

18   arrest investigation of Willis, the decision to arrest Willis, or obtaining an arrest warrant.  Because

19   there is no link between this conduct and the DAO, this conduct cannot form the basis of any §

20   1983 claim against the DAO.

21          Second, to the extent that Willis complains about the DAO's decision to prosecute criminal

22   charges against him, no recovery is possible.  A California district attorney's office "acts as a state

23   office with regard to actions taken in its prosecutorial capacity, and it is not subject to suit under §

24   1983."  Jackson, 749 F.3d at 767 (citing Weiner v. San Diego County, 210 F.3d 1025, 1030 (9th

25   Cir. 2000)).

26          Third, to the extent that Willis is attempting to bring an individual capacity claims against

27   an attorney within the DAO based on the decision to prosecute him, again, no recovery under §

28   1983 is possible.  The decision to initiate a prosecution and to present the state's case are functions

of a prosecutor that are entitled to absolute immunity.  Imbler v. Pachtman, 424 U.S. 409, 430 (1976); KRL v. Moore, 384 F.3d 1105, 1110-11 (9th Cir. 2004).

Fourth, it appears Willis is complaining about a prosecutor's or the DAO's failure to investigate Willis's claims of innocence.  Because Willis did not file an opposition, he did not clarify his claim, identify how such a duty exists, or whether such a duty is outside of the prosecutorial process.[3]  Without more specific allegations or an opposition that clarifies the legal theories at play (particularly those discussed in the preceding two paragraphs), no plausible claim is stated.

Finally, to the extent that Willis may be attempting to complain about actions by the DAO that were not done in a prosecutorial capacity, there are no *Monell* allegations that show a violation of federal law that was caused by the DAO's policy, custom, and practice.  See Ulrich, 308 F.3d at 984; Robinson, 278 F.3d at 1016; Young, 687 F.Supp.2d at 1149-50.

In sum, dismissal of the ninth cause of action against the County and the DAO is proper.

**II.      CITY DEFENDANTS' MOTIONS**

*Defendants' Arguments*

The City Defendants argue that the second, third, fourth, and fifth causes of action should all be dismissed through the SLAPP process.  These causes of action appear to be based on the press release that stated Willis had been arrested.  Press releases that report on the progress of an investigation are statements protected by Cal. Code. Civ. P. § 425.16.  Further, Willis has no probability of succeeding on these causes of action because:  (1) Willis has not alleged compliance with the Government Claims Act; (2) the decision to issue a press release is a decision that is covered by discretionary immunity under Cal. Gov. Code § 820.2; (3) the immunity of Cal. Gov. Code § 821.6 applies to the press release; (4) the privilege of Cal. Civ. Code § 47 applies; and (5) the press release is true in that Willis was arrested and accused of a crime and truth is an absolute defense to defamation.

---

[3] The Court notes that prosecutors are absolutely immune for gathering additional evidence after probable cause is established or criminal proceedings have begun when they are performing a quasi-judicial function, but may pursue only qualified immunity if they perform "police investigative work."  KRL, 384 F.3d at 1111.

1    Apart from the SLAPP motion, the City Defendants argue that dismissal under Rule

2   12(b)(6) is appropriate.  First, all state law claims are subject to dismissal because Willis did not

3   allege compliance with the Government Claims Act.  The first cause of action for negligence fails

4   because the immunity of Gov. Code § 821.6 applies.  The second cause of action for defamation

5   (and derivative claims) is barred because the press release is a fair and true statement that was

6   made in the course of a police investigation, and there are no allegations that any individual officer

7   issued the press release.  The third cause of action for intrusion into private affairs fails because

8   there is no indication that any Defendant intruded into a private place, conversation, or matter, or

9   that they did so in a manner highly offensive to a reasonable person. The fourth cause of action for

10  public disclosure of private facts fails for the same reasons that the defamation claim fails.  The

11  fifth cause of action for false light fails because it is superfluous to the defamation claim and fails

12  for the same reasons as the defamation claim.  The sixth cause of action for false arrest fails

13  because of the immunity of Cal. Civ. Code § 43.55 and Penal Code § 847.  The seventh cause of

14  action for false imprisonment fails because Willis was arrested pursuant to a warrant and there are

15  no allegations that indicate the City Defendants played any role in the length of his custody.  The

16  eighth cause of action for malicious prosecution fails because the immunity of § 821.6 applies.

17  The ninth cause of action for violation of 42 U.S.C. § 1983 fails because it is too vague.  To the

18  extent that there is a claim for failure to investigate such a claim is not cognizable, and there are no

19  policy, practice, or custom allegations against the City for purposes of *Monell* liability.  Finally,

20  because the City is a named defendant, the BPD is a superfluous defendant.

21      *Plaintiff's Opposition*

22      As explained above, Willis has not filed a substantive opposition.  He states that he can

23  allege compliance with the Government Claims Act while pro se, or that he can allege that he is

24  attempting to obtain relief from the state courts in order to file a late government claim.  Willis

25  requests leave to amend to include additional facts to support each of his claims.

26      *Discussion*

27      1.      California Government Claims Act

28      As discussed above, there is no dispute that the Complaint fails to allege compliance with

the Government Claims Act.  Therefore, dismissal of all of Willis's state law claims is appropriate.  See Karim-Panahi, 839 F.2d at 627.

2.     Statutory Liability Against the City

As discussed above, the Complaint does not identify any statutes that would form the basis of liability against the City, be it direct or vicarious liability.  Therefore, dismissal of all state law claims alleged against the City for failure to identify a statutory basis is appropriate.  See Young, 687 F.Supp.2d at 1164; see also Eastburn, 31 Cal.4th at 1183; Hoff, 19 Cal.4th at 932.

3.     First Cause of Action – Negligence

Cal. Gov. Code § 821.6 provides that a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously."  Immunity under § 821.6 extends to investigations because an investigation is an essential step towards instituting formal proceedings.  Leon v. County of Riverside, 64 Cal.App.5th 837, 846-47 (2021); Amylou R. v. County of Riverside, 28 Cal.App.4th 1205, 1210 (1994).  Thus, California courts have recognized that police officers are immune from claims of negligent investigation of a crime.  See Amylou R., 28 Cal.App.4th at 1210 (citing Johnson v. City of Pacifica, 4 Cal.App.3d 82 (1970)); see also Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007); Martinez v. City of L.A., 141 F.3d 1373, 1381 (9th Cir. 1998); Garcia v. City of Merced, 637 F.Supp.2d 731, 751-52 (E.D. Cal. 2008).

Here, there is no response from Willis to the argument that § 821.6 bars his negligence claims based on a negligent investigation.  Without an opposition, and considering the allegations, it appears that § 821.6 bars his negligent investigation claim against any individual BPD officer.  Moreover, because the officers enjoy immunity, the City is also immune.  See Cal. Gov. Code § 815.2(b) ("Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.").  Therefore, in addition to the two grounds for dismissal discussed above, dismissal through application of § 821.6 and § 815.2(b) is appropriate.

4.     Second Cause of Action - Defamation

The defamation claim appears to be based on the press release of the BPD that included

14

Willis's photo and accused him of attempted rape and false imprisonment, which the Court takes to mean (in the absence of any contrary allegations) that the press release stated that Willis was arrested for attempted rape and false imprisonment.  There are number of arguments made against the defamation claim that appear to have merit.

First, California courts have held that Cal. Gov. Code § 821.6 immunizes acts performed in the course of an investigation, "including press releases reporting the progress or results of the investigation . . . ."  Gillan v. City of San Marino, 147 Cal.App.4t h 1033, 1048 (2007); see also Ingram v. Flippo, 74 Cal.App.4th 1280, 1292-93 (1999).  The press release as described in the Complaint would appear to be immunized under § 821.6 and *Gillan* since it reported on the progress of a criminal investigation.

Second, press releases by an investigating public official that reports on or summarizes the results of an investigation into violations of law are privileged under Cal. Civ. Code § 47.  See Ingram, 74 Cal.App.4th at 1293-94.  The press release as described in the Complaint would appear to be immunized under § 47 and *Ingram* since it reported on the progress or results of a criminal investigation.

Third, truth of an offensive statement or communication is a complete defense in all cases of defamation.  See Hawran v. Hixon, 209 Cal.App.4th 256, 293 (2012);  Gilbert v. Sykes, 147 Cal.App.4th 13, 28 (2007).  Even "substantial truth" is a defense to defamation.  See GetFugu, Inc. v. Patton Boggs LLP, 220 Cal.App.4th 141, 154 (2013); Bentley Reserve LP v. Papaliolios, 218 Cal.App.4th 418, 434 (2013).  Here, Willis did not attach a copy of the press release or directly quote the press release.  Instead, there is an allegation that the press release included his photo and accused him of committing crimes.  However, the press release was issued after Willis was arrested.  The allegations in the Complaint suggest that the press release was at least substantially true because Willis was indeed arrested for attempted rape and false imprisonment, which appears to be the same as BPD accusing Willis of attempted rape.

In sum, in addition to the other reasons discussed above for dismissing the state law claims in general, dismissal of the defamation claim is also appropriate due to the apparent application of immunity under Gov. Code § 821.6, the privilege of Civil Code § 47, and the defense of truth.

1        5.       Third Cause of Action – Intrusion Into Private Affairs

2        The elements of a claim for intrusion into public affairs are:  (1) the defendant intentionally

3 intruded, physically or otherwise, upon the solitude or seclusion, private affairs or concerns of the

4 plaintiff; and (2) the manner of the intrusion was highly offensive to a reasonable person.

5 Shulman v. Group W Prods., Inc., 18 Cal.4th 200, 231-32 (1998); see also Marich v. MGM/UA

6 Telecom., Inc., 113 Cal.App.4th 415, 423 (2003) (identifying three elements including harm or

7 damage from BAJI No. 7.20 (9th ed.)).  The plaintiff must show that the defendant penetrated

8 some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about,

9 the plaintiff.  Shulman, 18 Cal.4th at 232.  The plaintiff must also have an objectively reasonable

10 expectation of seclusion or solitude in the place, conversation, or data source.  Id.

11        Here, there is a significant pleading defect.  The basis for this cause of action appears to be

12 that the City Defendants identified Willis as a suspect in an attempted rape and false imprisonment

13 case.  See Complaint ¶ 65.  That is, the conduct at issue again appears to be the press release.

14 However, the press release is not a penetration into either a physical zone of privacy or a zone of

15 sensory privacy.  The press release likely simply stated that Willis was arrested for attempted rape

16 and false information, which is true.  Moreover, the Court is unaware of authority that would hold

17 that an arrest of an adult is purely a private matter.  Therefore, no plausible claim is alleged.

18        Additionally, as discussed above, because the press release appears to be the basis for this

19 claim, it would appear that Gov. Code § 821.6 immunity and the Cal. Civ. Code § 47 privilege

20 both apply.

21        In sum, in addition to the other two reasons discussed above for dismissing the state law

22 claims in general, dismissal of the intrusion into private affairs claim is also appropriate due to the

23 failure to plead a plausible claim and the apparent application of immunity under Gov. Code §

24 821.6 and the privilege of Civil Code § 47.

25        6.       Fourth Cause of Action – Publication of Private Facts

26        The elements of a claim for publication of private facts are:  "(1) public disclosure (2) of a

27 private fact (3) which would be offensive and objectionable to the reasonable person, and (4)

28 which is not of legitimate public concern."  Shulman, 18 Cal.4th at 214.  Under this tort, "the

1    dissemination of truthful, newsworthy material is not actionable as a publication of private facts."

2    Id. at 215.

3    　　　Here, the fourth cause of action appears to be based on the BPD press release.  See

4    Complaint ¶ 70.  However, the Court is unaware of any authority that makes the arrest of an adult

5    for a felony a "private fact" that is not a matter of "legitimate public concern."  In fact,

6    "[n]ewspapers have traditionally reported arrests or other incidents involving suspected criminal

7    activity, and courts have universally concluded that such events are newsworthy matters of which

8    the public has the right to be informed."  Kapellas v. Kofman, 1 Cal.3d 20, 38 (1969); cf. Paul v.

9    Davis, 424 U.S. 693, 712-13 (1976) (finding no constitutional protection against the publication of

10   the fact of arrest for shoplifting).  Because the facts alleged show that newsworthy material was

11   published through the press release, no plausible claim is pled.

12   　　　 Also, as discussed above, because the press release appears to be the basis for this claim, it

13   would seem that Gov. Code § 821.6 immunity and the Cal. Civ. Code § 47 privilege both apply.

14   　　　In sum, in addition to the two other reasons discussed above for dismissing the state law

15   claims in general, dismissal of the publication of private facts claim is also appropriate due to the

16   failure to plead a plausible claim and the apparent application of immunity under Gov. Code §

17   821.6, and the privilege of Civil Code § 47.

18   　　　7.    Fifth Cause of Action – False Light

19   　　　"When a false light claim is coupled with a defamation claim, the false light claim is

20   essentially superfluous, and stands or falls on whether it meets the same requirements as the

21   defamation cause of action."  Jackson v. Mayweather, 10 Cal.App.5th 1240, 1264 (2017).  Here,

22   for the same reasons that the defamation claim has been dismissed, the false light claim will be

23   dismissed as well.  See id.

24   　　　8.    Sixth Cause of Action – False Arrest[4]

25   　　　A police officer may be held liable for false arrest if inter alia the arrest or confinement is

26

27   [4] "False arrest" is one way of committing the tort of "false imprisonment," it is not a separate tort.  Asgari v. City of
     L.A., 15 Cal.4th 744, 752 n.3 (1997).  However, because "false arrest" best describes this claim since it is based on
     Willis's actual arrest, and because "false imprisonment" best describes the seventh cause of action since it is based on

28   Willis's two-month detention in jail, the Court will refer to the sixth cause of action as "false arrest" and the seventh
     cause of action as "false imprisonment."

"without lawful privilege."  Asgari v. City of L.A., 15 Cal.4th 744, 757 (1997).  California prohibits liability against "any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face if the peace officer in making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant."  Cal. Civ. Code § 43.55; Venegas v. County of L.A., 153 Cal.App.4th 1230, 1246 (2007); Lopez, 207 Cal.App.3d at 7.  Further, "Penal Code § 847 precludes actions for civil liability against any peace officer for false imprisonment if he was acting within the scope of his authority and the arrest was lawful or if, at the time of the arrest, the officer had reasonable cause to believe the arrest was lawful."  Lopez, 207 Cal.App.3d at 7 (citing Cal. Pen. Code § 847(b)(1)); see also Venegas, 153 Cal.App.4th at 1246.

Here, the Complaint alleges that the BPD or its officers obtained an arrest warrant for Willis.  There are no allegations that indicate that the warrant was irregular on its face, there is no express allegation of malice, nor are there allegations that clearly support an inference of malice.  The Complaint merely indicates an arrest pursuant to a warrant in which Willis was named.  Therefore, the Complaint indicates that the arrest was not without lawful privilege and that the immunities of Penal Code § 847(b)(1) and Civil Code § 43.55 apply.

In addition to the two other reasons discussed above for dismissing the state law claims in general, dismissal of the false arrest claim is also appropriate due to the failure to plead a plausible claim and the apparent application of immunity under Penal Code § 847(b)(1) and Civil Code § 43.55.

9.   Seventh Cause of Action – False Imprisonment

This claim is based on the detention of Willis at the Kern County jail.  However, as discussed above, Willis was arrested pursuant to a warrant.  Further, the DAO pursued charges against Willis, and there are no allegations that Willis did not receive timely process after his detention in the jail.  Importantly, the Court agrees with the City Defendants that there are no factual allegations that adequately explain how any City Defendant controlled the criminal judicial process or when Willis was released from prison.  Without such allegations, no plausible claim is stated.

1    In addition to the two other reasons discussed above for dismissing the state law claims in

2    general, dismissal of the false imprisonment claim is also appropriate due to the failure to plead a

3    plausible claim against any of the City Defendants.

4        10.    Eighth Cause of Action – Malicious Prosecution

5    Through Cal. Gov. Code § 821.6, public employees are immune from liability for

6    malicious prosecution.  Asgari, 15 Cal.4th at 752.  Further, if a public employee is immune, the

7    employee public entity is also immune.  Cal. Gov. Code § 815.2(b); Roger v. County of Riverside,

8    44 Cal.App.5th 510, 527 (2020).  In the absence of an opposition from Willis, the Court can only

9    conclude that the City Defendants are immune through Gov. Code § 815.2(b) and § 821.6.

10   Therefore, in addition to the two other reasons discussed above for dismissing the state law claims

11   in general, dismissal of the malicious prosecution claim is also appropriate due to application of

12   Gov. Code § 815.2(b) and Gov. Code § 821.6.

13       11.    Ninth Cause of Action – 42 U.S.C. § 1983

14   Initially, there are no *Monell* allegations that show a violation of federal law caused by the

15   City's/BPD's policy, custom, or practice.  See Ulrich, 308 F.3d at 984; Robinson, 278 F.3d at

16   1016; Young, 687 F.Supp.2d at 1149-50.  Therefore, dismissal of all claims contained within the

17   ninth cause of action against the City/BPD is appropriate.

18   With respect to individual defendants Wedeking-White and Luevano, dismissal is

19   appropriate for several reasons.  First, the Court agrees with the City Defendants that the

20   allegations are vague, and it is not necessarily clear what specific constitutional violations/theories

21   Willis is attempting to pursue.  While the Court can say that the Complaint invokes the Fourth and

22   Fourteenth Amendments, see Complaint ¶ 117, the specific theories of violation or recovery are

23   not clear.

24   Second, to the extent that Willis may be alleging that the arrest warrant was not supported

25   by probable cause, the allegations are insufficient.  Generally, an arrest pursuant to a warrant does

26   not violate the Fourth Amendment.  See KRL, 512 F.3d at 1189.  However, if judicial deception is

27   involved, see Chism v. Washington, 661 F.3d 380, 386-89 (9th Cir. 2011), or if the warrant

28   application is so lacking in indicia of probable cause that it renders official belief in probable

1  cause unreasonable, <u>KRL</u>, 512 F.3d at 1189-90, then the fact that Willis was arrested pursuant to a

2  warrant does not mean that the Fourth Amendment was not violated.  However, there are no

3  allegations the discuss the warrant or the warrant application.

4       Third, to the extent that Willis alleges that BPD officers ignored key facts of innocence or

5  refused to investigate his claims and evidence of innocence, no plausible claim has been pled.  The

6  Complaint alleges that Willis was arrested pursuant to an arrest warrant.  Once Willis was arrested

7  pursuant to the warrant, it was at that point that he provided exculpatory information to BPD

8  officers.  Presumably the arrest warrant was issued by a neutral magistrate who determined that

9  probable cause existed to arrest Willis.  Therefore, the Complaint indicates that the failure to

10 further investigate occurred after the arrest warrant was executed.  It is true that in determining

11 whether probable causes exists, law enforcement must not ignore exculpatory evidence that

12 negates a finding of probable cause.  <u>Yousefian v. City of Glendale</u>, 779 F.3d 1010, 1014 (9th Cir.

13 2014); <u>Ramirez v. City of Buena Park</u>, 560 F.3d 1012, 1023-24 (9th Cir. 2009).  However, a law

14 enforcement officer who is executing an arrest warrant or who has probable cause to arrest is not

15 required by the Constitution "to investigate independently every claim of innocence, whether the

16 claim is based on mistaken identity or a defense such as lack of requisite intent."  <u>Baker v.</u>

17 <u>McCollan</u>, 443 U.S. 137, 145-46 (1979); <u>Broam v. Bogan</u>, 320 F.3d 1023, 1032 (9th Cir. 2003).

18 That is, "once probable cause is established, an officer is under no duty to investigate further or to

19 look for additional evidence which may exculpate the accused."  <u>Broam</u>, 320 F.3d at 1032

20 (quoting <u>Ahlers v. Schebil</u>, 188 F.3d 365, 371 (6th Cir. 1999)).  Considering *Broam*, the Court

21 cannot hold that Willis has alleged a plausible claim based on a failure to investigate.

22      Finally, to the extent that Willis may be contending that BPD officers are somehow

23 responsible for keeping him in custody for approximately two months in jail, no plausible claim is

24 stated.  The Complaint indicates that Willis was arrested pursuant to an arrest warrant, was

25 questioned, booked in prison, and then the DAO instituted criminal proceedings against him.  It is

26 unknown how any BPD officer at that point could have anything to do with Willis's custody or his

27 access to legal process.

28      In sum, dismissal of the ninth cause of action is appropriate.

1          12.     The BPD as a Defendant

2          Generally, when a municipality is named as a defendant, also naming an agency or subunit

3   of that municipality is redundant and unnecessary.  See Estate of Jackson v. City of Modesto, 2021

4   U.S. Dist. LEXIS 199638, *2 n.1, *63 & n.18 (E.D. Cal. Oct. 14, 2021); Abeytia v. Fresno Police

5   Dept., 2009 U.S. Dist. LEXIS 49500, *24-*25 (E.D. Cal. June 12, 2009).  In the absence of any

6   opposition, and given that the City is a named defendant, the Court is unaware of any sound

7   reason for the BPD to be a named defendant in this case.  Therefore, the BPD will be dismissed

8   from this case as an unnecessary and redundant defendant.[5]

9          13.     SLAPP Motion

10         California law provides for pre-trial dismissals of certain actions that "masquerade as

11  ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal

12  rights or to punish them for so doing."  Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir.

13  2013) (citation and quotation omitted); Cal. Code Civ. P. § 425.16.  There is a two-step process

14  that courts follow in evaluating SLAPP motions.  Roberts v. McAfee, Inc., 660 F.3d 1156, 1163

15  (9th Cir. 2011); Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 819 (2011).  At step one,

16  the defendant must make a prima facie showing that the suit arises from an act in furtherance of

17  the defendant's rights of petition or free speech.  Roberts, 660 F.3d at 1163; see Oasis West, 51

18  Cal.4th at 819.  Assuming that a defendant meets step one, at step two, the burden shifts to the

19  plaintiff to demonstrate a reasonable probability to demonstrate that he will prevail on the

20  challenged claims.  Roberts, 660 F.3d at 1163; see Oasis West, 51 Cal.4th at 819-20.  Generally, if

21  a SLAPP motion is granted, federal courts should grant the plaintiff leave to amend because the

22  failure to do so "would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal

23  amendment."  Greensprings Baptist Christian Fellowship Tr. v. Cilley, 629 F.3d 1064, 1070 (9th

24  Cir. 2010); Verizon Del., Inc. v. Covad Communs. Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

25         Here, the Court has dismissed the four "privacy" related claims at issue (the second, third,

26  fourth, and fifth causes of action) through Rule 12(b)(6) and considered most of the arguments

27  made in the SLAPP motion.  Therefore, the Court will deny the SLAPP motion as moot.

28
_____
[5] This holding applies equally to the Kern County Sheriff's Office because Kern County is already a named defendant.

21

1    **III.    LEAVE TO AMEND**

2        All causes of action have been dismissed against all Defendants.  Willis's lack of a

3    substantive opposition, and mere request for leave to amend, creates tension in the Rule 12(b)(6)

4    process.  Leave to amend is the rule, even if no express request to amend is made.  However, it

5    seems clear that amendment of some claims would be futile, for example Gov. Code § 821.6

6    defeats the malicious prosecution claim.  Instead of addressing each cause of action against each

7    Defendant separately, including possible allegations or theories that might address or correct the

8    various deficiencies discussed above, the Court will grant leave to amend conditioned on Willis

9    (who is represented by counsel) addressing the analyses in this order.  If Willis can allege,

10   consistent with Federal Rule of Civil Procedure 11, additional factual information and thereby

11   state plausible claims, including addressing various immunities that appear to apply, then Willis

12   may amend.

13       Additionally, if Willis wishes to pursue multiple § 1983 claims based on distinct

14   constitutional violations and theories, then he shall expressly identify each § 1983 claim/theory

15   and plead each such claim/theory as a separate cause of action.

16       Further, any amended complaint shall not lump all Defendants together.  The culpable

17   conduct of each defendant for each cause of action should be expressly identified as to that

18   defendant.  See Culinary Studios, Inc. v. Newsom, 517 F.Supp.3d 1042, 1074-75 (E.D. Cal. 2021).

19       Finally, each cause of action in the Complaint incorporates by reference all preceding

20   paragraphs, regardless of any redundancies or whether each paragraph is actually relevant to the

21   cause of action at issue.  That is an improper pleading technique.  Yellowcake, Inc. v. Morena

22   Music, Inc., 522 F.Supp.3d 747, 769-70 (E.D. Cal. 2021).  Any amended complaint is free to

23   incorporate prior paragraphs by reference, but the incorporation should be limited to incorporating

24   paragraphs that actually support and are relevant to the cause of action at issue.  See id.

25

26                                   **ORDER**

27       Accordingly, IT IS HEREBY ORDERED that:

28       1.      Defendants' respective motions to dismiss (Doc. Nos. 10, 12) are GRANTED;

2.      The City Defendants' SLAPP motion (Doc. No. 13) is DENIED as moot;

3.      Within twenty-eight (28) days of service of this order, Plaintiff may file an
        amended complaint that is consistent with the analysis of this order;

4.      The Bakersfield Police Department and the Kern County Sheriff's Office are
        DISMISSED from this case as redundant parties; and

5.      If Plaintiff fails to timely file an amended complaint, leave to amend will be
        automatically withdrawn without further notice and this case will be closed without
        further notice.

IT IS SO ORDERED.

Dated:   November 1, 2021           _____
                                    SENIOR  DISTRICT  JUDGE

23