ASHTON R. WATKINS   SBN: 235310
**LAW OFFICES OF ASHTON R. WATKINS**
Figueroa Tower Building
660 S. Figueroa Street, Suite 1920
Los Angeles, California 90017
Telephone:   (310) 855-3904
Facsimile:   (310) 943-3896
ashton@watkinslawgroup.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON WILLIS,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF BAKERSFIELD; LISA WEDEKING-WHITE; SANTOS LUEVANO; and DOES 1 through 10, inclusive,<br><br>            Defendants. | **Case No.**:  1:21-CV-1077-AWI-JLT<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br><br><br>**DEMANDS JURY TRIAL** |

***COMES NOW*** Plaintiff Byron Willis is filing his *First Amended Complaint* against Defendants CITY OF BAKERSFIELD; LISA WEDEKING-WHITE; SANTOS LUEVANO; and DOES 1 through 10, inclusive, (collectively sometimes referred to as "Defendants") as follows:

**FIRST AMENDED COMPLAINT FOR DAMAGES**

A.      **Identification of Parties**

1. Plaintiff Byron Willis ("Mr. Willis" or "Plaintiff") is, and at all times mentioned in this complaint was, a resident of Kern County, California.

2. Defendant CITY OF BAKERSFIELD ("City") is, and at all times mentioned in this complaint was, a city in the State of California, organized and existing under the laws of the State of California, with the capacity to sue and be sued. City was, at all times mentioned in this complaint, acting under the color of state law. BAKERSFIELD POLICE DEPARTMENT ("BPD") is, and at all times mentioned in this complaint was, City department or City agency. BPD was, at all times mentioned in this complaint, acting under the color of state law.

3. Defendant COUNTY OF KERN ("County") is, and at all times mentioned in this complaint was, a county in the State of California, organized and existing under the laws of the State of California, with the capacity to sue and be sued.  County was, at all times mentioned in this complaint, acting under the color of state law.  KERN COUNTY SHERIFF'S DEPARTMENT ("KCSO") is, and at all times mentioned in this complaint was, a County department or County Agency.  KCSO was, at all times mentioned in this complaint, acting under the color of state law. KERN COUNTY DISTRICT ATTORNEY'S OFFICE ("DA") is, and at all times mentioned in this complaint was, a County department or County agency. DA was, at all times mentioned in this complaint, acting under the color of state law.

4. Defendant LISA WEDEKING-WHITE ("Officer White") is, and at all times mentioned in this complaint was, a resident of Kern County, California. Officer White was, at all times mentioned in this complaint, acting under the color of state law.

5. Defendant SANTOS LUEVANO ("Officer Luevano") is, and at all times mentioned in this complaint was, a resident of Kern County, California. Officer Luevano was, at all times mentioned in this complaint, acting under the color of state law.

6. Plaintiff is unaware of the true names and capacities of defendants DOES 1 through 10,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

inclusive, and for that reason, names said defendants by such fictitious names. Plaintiff will amend this *Complaint* to state the true names and capacities of the fictitiously named defendants when such information is ascertained. Plaintiff is informed and believes, and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged and for the damages sustained by Plaintiff as herein alleged.

B. **Agency and Conspiracy Allegations**

7. Each of the defendants and including the fictitiously named DOE defendants, was the agent, or employee, partner or officer, director or joint venturer of defendant herein, and doing the things herein alleged was acting within the course and scope of said agency, employment, partnership, joint venture, or association and under the direction of, and with the consent and permission, advance knowledge and/or ratification of the other defendants. At all times relevant, the named defendants, and including the fictitiously named DOE defendants, and each of them, formed and operated under a common plan and agreement, with the resulting injuries and damages to Plaintiff arising from acts done in furtherance of the common design. Further, at all times relevant, the named defendants, and including the fictitiously named DOE defendants, and each of them, aided and abetted the commission of the torts alleged herein in that: (a) each defendant knew the other defendants' conduct constituted a breach of duty and gave substantial assistance or encouragement to the other defendants to so act, or, (b) each defendant gave substantial assistance to the other defendants in accomplishing a tortious result and that defendant's own conduct, separately considered, constituted a breach of duty to Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that if any of Defendants are corporations, such corporations were in mere form only, having no separate existence and apart from all Defendants, that there exists, and at all times herein existed, a unity of interest and ownership between all Defendants such that any individuality and separateness between the Defendants have ceased and all Defendants are the alter ego of each Defendant.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

C. **Jurisdiction And Venue**

9. This Court has jurisdiction over Defendants because they do business in and have extensive contacts with California and Kern County.

10. A substantial part of the events giving rise to this action occurred in Kern County, California. Venue is therefore proper under 28 U.S.C §1391(b).

11. All causes of action stated herein arose in Kern County because the incident took place in this judicial district. Accordingly, venue of this action is proper pursuant to California Code of Civil Procedure §393.

D. **General Allegations**

12. On December 3, 2019, before 10:00 a.m., Mr. Willis traveled from Bakersfield to Delano by car with his female friend, M. Hill. Mr. Willis was in Delano from approximately 11:00 a.m. to 2:00 p.m. He had his mobile phone with him the entire time and his mobile phone has GPS capabilities.

13. On December 3, 2019, around 11:16 a.m., an unidentified male subject physically attacked M. Martinez ("MM" or "Victim"), a fifty-year-old Hispanic woman, inside an apartment located approximately at Ming Avenue and Stine Road in Bakersfield, California.

14. BPD investigated the attack.

15. MM described the attacker as a black man in his twenties weighing approximately 150 pounds. Another witness, S. Edwards, told police that the unidentified subject matched the description of a homeless man that frequents the area.

16. BPD officers found a person who "matched" the description of the suspect and detained a black man (with a brown complexion) in his late fifties.

- 3 -
**FIRST AMENDED COMPLAINT FOR DAMAGES**

17. BPD, acting through Officer White and others, prepared a composite sketch and released it to the media. It described the suspect as a "black male, 25-30 years old, dark complexion, 5'4"-5'6", 150-160 pounds with a slim build. The press release noted that BPD is looking for a man wanted for attempted rape of a woman. It explains that the suspect confronted MM in a vacant apartment located on the 5400 block of Ming Avenue in Bakersfield, California and attempted to sexually assault her.

18. BPD has a policy, practice or custom of preparing composite sketches without any safeguards to protect against misidentification. The use of this policy, practice and custom caused a violation of federal law in this case by, among other things, depriving Mr. Willis of his right to be free of unreasonable seizures.

19. The description was not reasonably specific to Mr. Willis. There was no corroborating evidence that the person responsible for the incident was Mr. Willis.

20. BPD prepared a six-pack photo line-up which included Mr. Willis' photo. MM picked Willis out of the line-up, even though Mr. Willis is significantly taller and heavier. Mr. Willis is 5'9" and weighs two-hundred and three (203) pounds with a large or athletic build. BPD has a policy, custom or practice of preparing photo line-ups without adequate safeguards against misidentification and the use of this policy, custom or practice caused BPD to violate Mr. Willis' right to be free from unreasonable seizures.

21. BPD applied for an arrest warrant for Mr. Willis.

22. On December 4, 2019, BPD arrested Mr. Willis.

23. BPD interviewed Mr. Willis.

24. During the interview, Mr. Willis denied physically attacking MM or attempting to sexually

- 4 -
**FIRST AMENDED COMPLAINT FOR DAMAGES**

assault MM. He further explained that he was not in Bakersfield at the time of the incident. He was in Delano at the time of the incident. He also explained that he has obvious scars on his face (i.e., at the corners of his mouth) and it is usually the first thing people notice when they see him. Mr. Willis gave a timeline. He also signed a consent form to allow BPD to search his phone including, but not limited to, his google account information, which would show the places he visited on the day of the incident through the GPS feature. He consented to a DNA swab. He offered to undergo a "lie detector test." He denied his fingerprints would be in the apartment and denied that his DNA would be on the victim. He never asked for an attorney.

25. BPD, acting through Officer Luevano and others, refused to seriously consider the GPS information or investigate Mr. Willis' claim that the phone exonerated him. BPD told Mr. Willis that his phone was "no longer pertinent to the investigation," even though the investigation was less than forty-eight hours old at the time of this comment. BPD had decided, without thoroughly investigating the facts of the case, that Mr. Willis was guilty of the crime and refused to consider any evidence contradicting that belief.

26. Despite his denials and evidence showing he was not in town on the date of the incident, BPD arrested him. BPD and/or KCSO booked him into Kern County jail for attempted rape and false imprisonment. KCSO manages and/or operates the Kern County jail and kept Mr. Willis in custody for nearly two months. BPD did not have probable cause to formally arrest Mr. Willis, detain him beyond the initial questioning or book him in Kern County jail for attempted rape. BPD's acts were malicous in that they were not supported by probable cause at that point.

27. BPD, acting through its employees, did not have reasonable cause to believe that the arrest and detention was lawful at this point. Mr. Willis was factually innocent and provided information to prove his innocence.

28. BPD failed to investigate Mr. Willis' claims of innocence.

29. BPD's detention of Mr. Willis was an unreasonable seizure under the Fourth Amendment of the US Constitution and Article I, section 13 of the California Constitution.

30. BPD issued a press release about Mr. Willis' arrest. The press release included Mr. Willis' photo and accused him of attempted rape and false imprisonment. The press release was published on BPD's Facebook page and picked up by several media outlets who published the story, including Mr. Willis' photo, to the community at large. Mr. Willis was labeled as a rapist and/or pervert from that day forward.

31. The DA charged Mr. Willis with attempted rape and false imprisonment.

32. The DA offered Mr. Willis several deals without investigating the facts of the case. The first deal provided that Mr. Willis would plead guilty and serve thirty-one years in prison for the crime. The second deal provided that Mr. Willis would plead guilty and serve twenty years in prison for the crime. Mr. Willis rejected both deals on the grounds that he did not attempt to rape or falsely imprison MM.

33. Mr. Willis was in custody for nearly sixty days. He was in custody during the Christmas and New Year's holidays.

34. On January 30, 2020, KCSO released Mr. Willis from custody.

35. The DA did not immediately dismiss the case against Mr. Willis. The criminal case against him remained on the court's docket for several months. Mr. Willis' liberty was restricted during this period of time.

36. On July 29, 2020, the DA finally dismissed the charges filed against Mr. Willis due to a

complete lack of evidence. In other words, the charges were dismissed on the grounds that Mr. Willis was factually innocent of the charges brought against him.

37. On October 2, 2020, Mr. Willis filed a claim for damages (that is, a Government Claim) against the City. This claim was timely filed pursuant to *Cal. Gov. Code* § 911.2. The City rejected the claim on October 13, 2020.

38. On October 2, 2020, Mr. Willis filed a claim for damages (that is, a Government Claim) against the County. This claim was timely filed pursuant to *Cal. Gov. Code* § 911.2. The County rejected the claim on November 10, 2020.

39. On or about October 28, 2020, Mr. Willis filed an application for leave to present a late claim with the City. The application was timely filed pursuant to *Cal. Gov. Code* § 911.4. The City did not act on this application.

40. On or about December 4, 2020, Mr. Willis filed an application for leave to present a late claim with the County. The application was timely filed pursuant to *Cal. Gov. Code* § 911.4. The County denied the application on December 9, 2020.

41. BPD did not issue a press release about Mr. Willis' release from custody.

42. BPD did not issue a press release about the DA's dismissal of the felony charges.

43. BPD has not identified or arrested the person who actually attacked MM. The suspect remains at large and poses a substantial risk to the community. BPD failed to protect the community from this predator. BPD failed to protect Mr. Willis from the false charges leveled against him.

44. Mr. Willis has a constitutional and statutory right to be free of unreasonable seizures under

the Fourth and Fourteenth Amendments to the United States Constitution.

45. Mr. Willis has a constitutional right to be free from criminal charges. Pretrial detention can violate the Fourth Amendment.

46. Mr. Willis' reputation has been harmed. He is still viewed as a rapist and/or pervert.

47. Mr. Willis has been unable to work due to the negative publicity surrounding his arrest and criminal prosecution.

48. He is experiencing feelings of helplessness, fear, fatigue, sleeplessness. He is afraid all the time.

49. Liability in this matter is clear. The Defendants violated Mr. Willis state and federal rights and, as a result, they are liable for all damages.

50. Mr. Willis did not contribute to his arrest and criminal prosecution. He fully cooperated with the investigators and provided them with evidence showing that he was not involved in the crime.

51. Mr. Willis was injured.

52. Defendants had an obligation to use reasonable care in investigating a criminal complaint. A public entity is liable for an injury caused by its failure to discharge a mandatory duty imposed by an enactment designed to protect against the risk of a particular kind of injury. *Government Code* §815.6; *B.H. v County of San Bernardino* (2015) 62 Cal. 4th 168, 179; *State Dept. of State Hosp v Sup.Ct.* (Novoa)(2015) 61 Cal. 4th 339, 348; *Guzman v County of Monterey* (2009) 46 Cal. 4th 887, 898. An enactment means a constitutional provision, state or federal statute, statewide initiative act, charter provision, ordinance or regulation. *Government Code* §§ 810.6, 811.8.

## FIRST CAUSE OF ACTION
(False Arrest/False Imprisonment Against Defendants City, Officer Luevano, Officer White only)

53. Plaintiff incorporates herein by reference paragraphs 1 through 52 of this complaint.

54. Defendants arrested Mr. Willis based on unreliable eyewitness testimony, particularly since the victim and Mr. Willis are members of different racial groups, and a highly suggestive photo lineup.

55. Mr. Willis was not person responsible for the attempted rape and false imprisonment of MM. Mr. Willis was in Delano at the time of the incident and his phone data proved his innocence. Defendants failed to investigate this exculpatory evidence and caused Mr. Willis to be arrested and booked for serious felonies. Defendants even acknowledged that Mr. Willis' cell phone (and the evidence it contained) was not pertinent to the investigation. The investigation ended with the notoriously unreliable eyewitness testimony that Mr. Willis matched the composite sketch.

56. Mr. Willis was harmed.

57. Defendants' conduct was a substantial factor in causing Mr. Willis' harm.

## SECOND CAUSE OF ACTION
(Malicious Prosecution Against City, County, BPD, DA, Officer Luevano, Officer White only)

58. Plaintiff incorporates herein by reference paragraphs 1 through 57 of this complaint.

59. Defendants arrested Mr. Willis based on unreliable eyewitness testimony, particularly since the victim and Mr. Willis are members of different racial groups, and a highly suggestive photo lineup.

60. Mr. Willis was not person responsible for the attempted rape and false imprisonment of MM. Mr. Willis was in Delano at the time of the incident and his phone data proved his innocence. Defendants failed to investigate this exculpatory evidence and caused Mr. Willis to be arrested and

booked for serious felonies. Defendants even acknowledged that Mr. Willis' cell phone (and the evidence it contained) was not pertinent to the investigation. The investigation ended with the notoriously unreliable eyewitness testimony that Mr. Willis matched the composite sketch.

61. Defendants held Mr. Willis in custody.

62. There was an unnecessary delay in releasing Mr. Willis.

63. Defendants were actively involved in causing Mr. Willis to be arrested and prosecuted and in causing the continuation of the prosecution.

64. No reasonable person in Defendants' circumstances would have believed that there were grounds for causing Mr. Willis to be arrested and prosecuted.

65. Defendants acted primarily for a purpose other than to bring Mr. Willis to justice. Defendants wanted a quick arrest to ease the general fears of the public, without regard to the rights of MM and Mr. Willis. Defendants wanted a quick conviction without regard to the rights of MM and Mr. Willis.

66. Mr. Willis was harmed.

67. Mr. Willis did not consent to the delay.

68. Defendants' conduct was a substantial factor in causing Mr. Willis' harm.

## THIRD CAUSE OF ACTION
(42 USC §1983 Claims Against City, Officer Luevano, Officer White only)

69. Plaintiff incorporates herein by reference paragraphs 1 through 68 of this complaint.

70. Defendants arrested Mr. Willis based on unreliable eyewitness testimony, particularly since the victim and Mr. Willis are members of different racial groups, and a highly suggestive photo lineup.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

71. Defendants were acting in the course and scope of his/her/their employment as government agents (i.e., sworn police officers) during the relevant time.

72. Defendants were acting under color of state law at all relevant times.

73. Mr. Willis was not person responsible for the attempted rape and false imprisonment of MM. Mr. Willis was in Delano at the time of the incident and his phone data proved his innocence. Defendants failed to investigate this exculpatory evidence and caused Mr. Willis to be arrested and booked for serious felonies. Defendants even acknowledged that Mr. Willis' cell phone (and the evidence it contained) was not pertinent to the investigation. The investigation ended with the notoriously unreliable eyewitness testimony that Mr. Willis matched the composite sketch.

74. Defendants held Mr. Willis in custody.

75. There was an unnecessary delay in releasing Mr. Willis.

76. Defendants were actively involved in causing Mr. Willis to be arrested and prosecuted and in causing the continuation of the prosecution.

77. No reasonable person in Defendants' circumstances would have believed that there were grounds for causing Mr. Willis to be arrested and prosecuted.

78. Defendants acted primarily for a purpose other than to bring Mr. Willis to justice. Defendants wanted a quick arrest to ease the general fears of the public, without regard to the rights of MM and Mr. Willis. Defendants wanted a quick conviction without regard to the rights of MM and Mr. Willis.

79. Defendants violated Mr. Willis' federal constitutional or statutory rights including,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

but not limited to the right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Willis has a right to be free from unreasonable seizures. The seizure in this case was unreasonable because BPD's policy, custom and practice of preparing composite sketches failed to safeguard against misidentification. The seizure in this case was unreasonable because BPD's policy, custom and practice of ignoring exculpatory evidence failed to safeguard against detaining innocent citizens for crimes for which he did not commit. These policies, customs and practices were substantial causes of the constitutional violations in this case- that is, the violation of Mr. Willis' rights to be free from government seizure of his person.

80. The individual defendants were employees of the City. These individual defendants intentionally violated Mr. Willis' constitutional rights by, among other things, failing to safeguard against misidentification and intentionally ignoring exculpatory evidence. These individual defendants acted because of this official policy, custom or practice.

81. Defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Mr. Willis' federally protected rights.

82. Mr. Willis was harmed.

83. Mr. Willis did not consent to the delay.

84. Mr. Willis retained a private attorney to represent him in this action.

85. Defendants' conduct was a substantial factor in causing Mr. Willis' harm.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

    1.    For general damages according to proof but in no event less than $1,000,000.00;

**FIRST AMENDED COMPLAINT FOR DAMAGES**

2. For medical and related expenses according to proof but in no event less than $1,000,000.00;

3. For loss of earnings, past and future, according to proof but in no event less than $1,000,000.00;

4. For punitive damages against DOES 1 through 3 in an amount of at least $250,000.00;

5. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988

6. For interest as allowed by allow;

7. For cost of suit herein incurred; and

8. For such other and further relief as this court may deem just and proper.

DATED: November 29, 2021.   Respectfully submitted,

**LAW OFFICES OF ASHTON R. WATKINS**

By:_____
    Ashton R. Watkins
    Attorney for Plaintiff

- 13 -
**FIRST AMENDED COMPLAINT FOR DAMAGES**