UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON WILLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BAKERSFIELD, ET AL.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01077-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' REQUEST TO SEAL<br><br>(Doc. 54-6) |

Pending before the Court is Defendants' Request to Seal Exhibit 1 to evidence filed in support of Defendants' motion for summary judgment. (Doc. 54-6). The application for sealing does not comply with Local Rule 141 and the undersigned presently does not have sufficient information to consider the request. Accordingly, the application shall be denied without prejudice.

Consistent with Local Rule 141, a party seeking Court order to seal documents shall submit a publicly filed "Notice" that sets forth, among other things, "the manner in which the [separate] 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties." *See* Local Rule 141(b). The Court construes Defendants' publicly filed "Request to Seal" (Doc. 54-6) to be the equivalent of the required "Notice" under Local Rule 141(b). Here, Defendants' Notice does not include the information required under Local Rule

1 | 141(b) described above.

2 | Additionally, Local Rule 141 requires the party to submit to the assigned magistrate judge
3 | via e-mail or postal mail a separate "Request to Seal Documents" and the documents sought to be
4 | sealed.  Here, counsel for Defendants submitted via email to chambers of the undersigned only a
5 | proposed order – not a "Request to Seal Documents" or the documents sought to be sealed.

6 | The "Request to Seal Documents" is required to set forth the statutory or other authority
7 | for sealing, the requested duration, the identity, by name or category, of persons to be permitted
8 | access to the documents, and all other relevant information. If the Request, proposed order, and/or
9 | documents covered by the Request were submitted without service upon one or more other
10 | parties, the Request also is required to set forth the basis for excluding any party from service.
11 | Further, Local Rule 141(b) provides that, except in matters in which it is clearly appropriate not
12 | to serve the "Request to Seal Documents" and/or documents upon the parties, "all Requests,
13 | proposed orders, and submitted documents shall be served on all parties on or before the day they
14 | are submitted to the Court."

15 | The Court understands from Defendants' publicly filed Notice that sealing is requested in
16 | the interests of protecting the identity of a nonparty witness and victim, to preserve the witness's
17 | privacy rights, and deter the possibility of "intimidation and potential physical and mental harm."
18 | (Doc. 54-6).  While all of these interests are important, the Court cannot conduct the required
19 | analysis to endorse sealing without the benefit of a complete application that provides the Court
20 | with all required information.  That is because, under the First Amendment, the press and the
21 | public have a presumed right of access to court proceedings and documents.  *See generally Press-*
22 | *Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler*
23 | *Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *see Olympic Ref. Co. v. Carter*, 332 F.2d 260,
24 | 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to
25 | be conducted in public.").  As a general rule, the public is permitted 'access to litigation
26 | documents and information produced during discovery.'" *In re Roman Catholic Archbishop of*
27 | *Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*,
28 | 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*,

1  187 F.3d 1096, 1103 (9th Cir. 1999)).  This presumed right can be overcome if (1) closure serves
2  a compelling interest; (2) there is a substantial probability that, in the absence of closure, this
3  compelling interest would be harmed; and (3) there are no alternatives to closure that would
4  adequately protect the compelling interest.  *Oregonian Publishing Co. v. U.S. District Court for*
5  *the District of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing *Press Enterprise*, 464 U.S. at
6  510).

7  Importantly, Defendants have not articulated in a Request whether, under *Oregonian*
8  *Publishing Co.*, any alternatives to complete closure would sufficiently protect the asserted
9  compelling interests, and without the documents sought to be sealed, the Court cannot
10 independently assess whether, for instance, redactions could adequately mitigate the potential
11 harms.

12 Accordingly, for the foregoing reasons, Defendants' application to seal (Doc. 54-6) is
13 DENIED WITHOUT PREJUDICE.  Defendants may submit an amended application to seal that
14 complies with Local Rule 141 and contains supplemental information responsive to the analysis
15 set forth above and/or propose the public filing of a redacted version of Exhibit 1, at which point
16 the Court is prepared to reconsider Defendants' request.

17 IT IS SO ORDERED.

18 Dated:  **August 10, 2023**                              _____
19                                                                               UNITED STATES MAGISTRATE JUDGE